UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16CV395

| | | |
|---|---|---|
| **CATHY SAMPLES WOLFE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL, Acting Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 8) and the Commissioner's Motion for Summary Judgment (Doc. No. 10). Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the

1

Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

**IV.    Substantial Evidence**

   **A.    Introduction**

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. The undersigned finds that it is.

   **B.    Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

   (1)   Whether the claimant is engaged in substantial gainful activity;

   (2)   Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

   (3)   Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the second step of the sequential evaluation process.

### C. The Administrative Decision

In rendering his decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2000 through her date last insured of December 31, 2007. (Tr. 33). At the second step, the ALJ found that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. (Tr. 33).

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error: (1) the ALJ failed to properly develop the record, and (2) the ALJ failed to present findings of the Vocational Expert. Plaintiff's assignments of error will be discussed seriatim.

## 2. First Assignment of Error

An individual must be disabled prior to the expiration of his or her "insured status" in order to be entitled to benefits thereunder. See 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1); *Roberts v. Schweiker*, 667 F.2d 1143, 1144 (4th Cir. 1972). Plaintiff's insured status expired on December 31, 2007 (Tr. 31, 139), accordingly she must show that she was disabled prior to that date. The claimant bears the burden of proof to establish disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a).

Plaintiff alleged that she is unable to work due to pain in her whole body as a result of fibromyalgia and arthritis (Tr. 67-68). However, as the ALJ explained, Social Security Ruling (SSR) 96-4p provides, "regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities: i.e., medical signs and laboratory findings" (Tr. 33). Here, there are no such findings prior to December 31, 2007.

The earliest medical evidence before the ALJ is dated September 14, 2011, nearly four years after the expiration of Plaintiff's insured status (Tr. 231). At this time, Plaintiff was seen for complaints of swelling in her hands (Tr. 231). She also

related that she had arthritis, fatigue, and migraines (Tr. 231). In April 2012, Plaintiff reported diffuse joint pain for the past 7 to 9 months, primarily in her shoulders, wrists, hands, fingers, hips, and ankles (Tr. 282). In July 2012, Plaintiff again reported diffuse joint pain for the past 7 to 9 months (Tr. 352). In September 2012, Plaintiff reported arthralgias and joint pain for several years and that the pain was worsening (Tr. 258). This evidence does not show that Plaintiff had an impairment, allegedly causing whole body pain, prior to the December 31, 2007 expiration of her insured status, rather it indicates that her impairment and pain began years after that date.

Plaintiff argues the ALJ erred by failing to develop the record, relying primarily on two cases from the Eastern District of New York, *Rivera v. Colvin*, No. 15-CV-0837 (MKB), 2016 WL 614688 (E.D.N.Y. Feb. 16, 2016) and *Mantovani v. Astrue*, No. 09-CV-3957 (RRM), 2011 WL 1304148 (E.D.N.Y. Mar. 31, 2011). However, these cases discuss an ALJ's duty to develop the record when there is evidence inconsistent with a treating physician opinion.

Here, there are no treating physician opinions that need clarification. Indeed, there are no treating physician opinions because apparently, Plaintiff had no treating physician prior to her date last insured. Moreover, an opinion from Dr. Najeeb Ghaussy, Plaintiff's eventual treating physician, is of dubious value, as the

record indicates that Dr. Ghaussy did not begin treating Plaintiff until September 2012, nearly five years after the expiration of her insured status (*See* Tr. 318). Any opinion by Dr. Ghaussy about the Plaintiff's impairments prior to December 31, 2007 would be only speculation on his part.

The Fourth Circuit has held that "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record[.]" *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). An unrepresented claimant is entitled to the sympathetic assistance of the ALJ to develop the record. *Crider v. Harris*, 624 F.2d 15, 16 (4th Cir. 1980). However, an ALJ "is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record" *Bell v. Chater*, 57 F.3d 1065 (4th Cir. 1995) reported in full at 1995 WL 347142, *4 (quoting *Clark v. Shalala*, 28 F.3d 828, 830–31 (8th Cir. 1994) (internal quotation marks omitted)).

Moreover, even if the ALJ had failed to properly develop the record as Plaintiff contends, she has not shown any prejudice as a result. Only "[w]here the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant" should be the case be remanded. *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir.1980). Plaintiff has made no effort to show that greater record development would have

led to additional evidence that might have altered the ALJ's decision. *See Camp v. Massanari*, 22 F. Appx. 311 (4th Cir.2001) (citing *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir.2000) (holding that a finding of prejudice requires showing that additional evidence would have been produced as part of a fully developed record that might have led to a different decision)); *Coker v. Colvin*, No. 1:13-CV-00312-MOC, 2014 WL 4828943, *5 (W.D.N.C. Sept. 29, 2014). Here, Plaintiff has simply alleged that the ALJ could have requested an opinion from Dr. Ghaussy about whether her condition related back to the time she was insured. As explained above, such an opinion by Dr. Ghaussy could only be speculative.

Plaintiff submitted additional medical evidence to the Appeals Council when she requested review of the ALJ's decision (Tr. 2, 5, 7-10, 40-49, 440-448). However, as the Appeals Council explained, many of these records are about Plaintiff's condition after her date last insured (Tr. 2). The Appeals Council further explained that the other records do not provide a basis for changing the ALJ's decision (Tr. 2).

The Appeals Council can receive and incorporate into the record evidence that was not before the ALJ while it conducts its review of the ALJ's decision. *Meyer v. Astrue*, 662 F.3d 700, 704 (citing 20 C.F.R. §§ 404.968 (a), 404.970(b)). After accepting new and material evidence, the Appeals Council issues its decision

based on a review of "'the entire record including the new and material evidence.'" *Id*. at 705 (quoting 20 C.F.R. § 404.970(b)).

However, after considering all the evidence, including the new evidence, the Appeals Council can deny the request for review without explaining its rationale if it finds that the ALJ's action, findings, or conclusions were not contrary to the weight of the evidence. *Id.* On appeal, the reviewing court reviews the record as a whole, including the new evidence, to determine if the ALJ's decision remains supported by substantial evidence. *Id*. at 707; *Wilkins v. Sec'y, Dept. of Health & Human Svcs*., 953 F.2d 93, 96 (4th Cir. 1991).

Plaintiff's newly submitted evidence from prior to her date last insured, consists of two emergency room reports: on February 28, 2006, Plaintiff was treated for a migraine headache (Tr. 445-448), and on December 6, 2006, she sought treatment because of tooth pain and she developed a migraine headache (Tr. 440-444). As the Appeals Council found, this evidence does not create any reasonable possibility that, had the evidence been available to the ALJ, the outcome would have been any different. *See Wilkins*, 953 F.2d at 96; *Savage v. Colvin*, No. 3:12-CV-00394-RJC-DCK, 2013 WL 4495194, at *5 (W.D.N.C. Aug. 19, 2013).

### 3. Second Assignment of Error

Plaintiff also contends that the ALJ failed to present findings of the Vocational Expert. As noted above, this case was decided at step two of the five-step sequential evaluation process (Tr. 32- 34). At step two, only the severity of a claimant's impairment or impairments is considered. 20 C.F.R. § 404.1520(4)(ii). If, as in this case, a finding is made at step two that a claimant does not have a medically determinable impairment, the claimant is found not disabled and the evaluation process ends. 20 C.F.R. § 404.1520(a)(4). Vocational evidence is not considered unless a claim is considered at the fourth or fifth step. *See* 20 C.F.R. § 404.1520(a)(4)(iv),(v). Thus, Plaintiff's arguments regarding the VE's testimony are not relevant in this case.

### ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 8) is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 10) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: November 9, 2017

Graham C. Mullen
United States District Judge